1 | **CRUZ&WEI.com**

2 | FREDERICK A. BLACK
United States Attorney
3 | ROBERT W. PEARSON
Special Assistant U.S. Attorney
4 | Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
5 | Hagåtña, Guam 96910
TEL: (671) 472-7332
6 | FAX: (671) 472-7215

7 | Attorney's for United States of America



## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | ) CIVIL CASE NO. 02-00004 |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) COMPLAINT |
| ZENAIDA V. CRUZ, CHRISTOPHER V. WEI and ANTONIO Y. CRUZ, | ) |
| Defendants. | ) |

COMES NOW Plaintiff, UNITED STATES OF AMERICA, on behalf of its agency, the U.S. Small Business Administration by and through its undersigned attorneys, and complains of Defendants ZENAIDA V. CRUZ, CHRISTOPHER V. WEI and ANTONIO Y. CRUZ, (hereinafter referred to Defendants "CRUZ and WEI") and for cause of action alleges and states:

1. This Court has jurisdiction of the action pursuant to Title 28, U.S.C., Section 1345.

2. The Defendants CRUZ and WEI presently reside within this judicial district with an address of P.O. Box 24592, GMF, Guam 96921 and is within the jurisdiction of this Court under Title 28, U.S.C., Section 1391(a).

3. On or about April 10, 1998, Defendants CRUZ and WEI, executed and delivered to the U.S. Small Business Administration (hereinafter referred to as "SBA"), which is an agency of the Plaintiff, 72, Stat. 384 (1958), Title 15, U.S. C., Section 631, et seq., a written promissory Note, For Disaster Loans Only, (hereinafter referred to as "NOTE").

4. That said NOTE was executed by Defendants CRUZ and WEI in return for a loan in the amount of $21,600.00, plus 3.812 percent interest per annum, as more particularly described in a true copy of said Note which is attached hereto and incorporated by reference herein as Exhibit "A." [All exhibits are true and accurate copies of what they purport to be except insofar as they may have been reduced from legal size to letter size or converted from two-sided original to a one-sided copy or both.]

5. At the time of the execution and deliver of said promissory note and as part of the same transaction and for the purpose of providing security for repayment to the payee or holder of the note of the principal sum and interest mentioned in said NOTE, Defendants CRUZ and WEI executed a mortgage in favor of the SBA dated April 29, 1998 and recorded on May 12, 1998, with the Territory of Guam, Department of Land Management, Office of the Recorder as Instrument number 586298, a copy of which is marked Exhibit "B" and attached hereto. Said attachment is incorporated at this point for all purposes as set forth.

6. In the Mortgage marked Exhibit "B," Defendants ALDAN, mortgaged, assigned, granted and conveyed to SBA all of their rights, title, and interest in the following described property as security for repayment of the Note of the same date:

> LOT NUMBER 75, BLOCK NUMBER 1, TRACT NUMBER 10415, (Consolidation of Lots 7019-4New-1, 7019-4New-2 and 7019-4NEW-3), MUNICIPALITY OF YIGO, TERRITORY OF GUAM, SUBURBAN, as said lot is marked and designated on Drawing Number RRV-20PIE, as L.M. Check No. 86 FY 87, dated February 25, 1987 and recorded March 30, 1987 in the Department of Land Management, Government of Guam, under Document Number 382858.
> AREA: 560+ Square Meters or 6024+ Square Feet.
>
> More commonly known as: 105 Amariyo Street, Nissho Terrace, Yigo, Guam 96929

7. Defendants CRUZ and WEI have defaulted in the payment under the terms of said NOTE in that they have breached the covenant to pay the sums thereunder at the time same became due and payable. Payments under said NOTE were to be made in monthly installments of $155.00 which Defendants CRUZ and WEI have failed to do.

//
//

- 2 -



| | SBA LOAN NO. |
|---|---|
| | DLH 19682940-08 |

**EXHIBIT A**

## U.S. SMALL BUSINESS ADMINISTRATION

### NOTE
(For Disaster Loans Only)

GMF, Guam 96921
(City, State, ZIP Code)

(Date) April 10, 1998

$21,600.00

For value received, the Undersigned promises to pay to the order of **U.S. Small Business Administration**, at its office in the City of **Denver**, State of **Colorado 80259-0001**, or, at holder's option, at such other place as may be designated from time to time by the Holder or U.S. Small Business Administration.

**Twenty-One Thousand Six Hundred and no/100 * * * * * * * * *** dollars, with interest, on unpaid principal computed from the date of each advance to the Undersigned at the Annual Percentage Rate, of **3.812 Percent (3.812%)** per annum, payment to be made in installments as follows:

**One Hundred Fifty-Five and no/100 ($155.00),** dollars including principal and interest, payable **monthly**, beginning **Five (5)** months from the date hereof; the balance of principal and interest to be paid in full **Sixteen (16) Years** from the date hereof; with the further provision that each said installment shall be applied first to accrued interest, and the balance, if any, to principal.

Payment of any installment of principal or interest owing on this Note may be made prior to the maturity date thereof without penalty.

The term "Indebtedness" as used herein shall mean the indebtedness evidenced by this Note, including principal, interest, and expenses whether contingent, now due or hereafter to become due and whether heretofore or contemporaneously herewith or hereafter contracted. The term "Collateral" as used in this Note shall mean any funds, guaranties, or other property or rights therein of any nature whatsoever or the proceeds thereof which may have been, are, or hereafter may be, hypothecated, directly or indirectly by the undersigned or others, in connection with, or as security for, the Indebtedness or any part thereof. The Collateral, and each part thereof, shall secure the Indebtedness and each part thereof. The covenants and conditions set forth or referred to in any and all instruments of hypothecation constituting the Collateral are hereby incorporated in this Note as covenants and conditions of the undersigned with the same force and effect as though such covenants and conditions were fully set forth herein.

The Indebtedness shall immediately become due and payable, without notice or demand, upon the appointment of a receiver or liquidator, whether voluntary or involuntary, for the undersigned or for any of property of the undersigned, or upon the filing of a petition by or against the undersigned under the provisions of any State insolvency law or under the provisions of the Bankruptcy Code of 1978, or upon the making by the undersigned of an assignment for the benefit of creditors. Holder is authorized to declare all or any part of the Indebtedness immediately due and payable upon the happening of any of the following events: (1) Failure to pay any part of the Indebtedness when due; (2) nonperformance by the undersigned of any agreement with, or any condition imposed by, Holder, or **U.S. Small Business Administration** (hereinafter called "SBA"), or either of them, with respect to the Indebtedness; (3) Holder's discovery of the undersigned's failure in any application of the undersigned to Holder or SBA to disclose any fact deemed by Holder to be material or of the making therein or in any of said agreements, or in any affidavit or other documents submitted in connection with said application or the Indebtedness, of any misrepresentation by, on behalf of, or for the benefit of the undersigned; (4) the reorganization (other than a reorganization pursuant to any of the provisions of the Bankruptcy Code of 1978) or merger or consolidation of the undersigned (or the making of any agreement therefor) without the prior written consent of Holder; (5) the undersigned's failure duly to account, to Holder's satisfaction, at such time or times as Holder may require, for any of the Collateral, or proceeds thereof, coming into the control of the undersigned; or (6) the institution of any suit affecting the undersigned deemed by Holder to affect adversely its interest hereunder in the Collateral or otherwise. Holder's failure to exercise its rights under this paragraph shall not constitute a waiver thereof.

Upon the nonpayment of the Indebtedness, or any part thereof, when due, whether by acceleration or otherwise, Holder is empowered to sell, assign, and deliver the whole or any part of the Collateral at public or private sale, without demand, advertisement or notice of time or place of sale or of any adjournment thereof, which are hereby expressly waived. After deducting all expenses incidental to or arising from such sale or sales, Holder may apply the residue of the proceeds thereof to the payment of the Indebtedness, as it shall deem proper, returning the excess, if any, to the undersigned. The undersigned hereby waives all right of redemption or appraisement whether before or after sale.

Holder is further empowered, to collect or cause to be collected or otherwise to be converted into money all or any part of the Collateral, by suit or otherwise, and to surrender, compromise, release, renew, extend, exchange, or substitute any item of the Collateral in transactions with the undersigned or any third party, irrespective of any assignment thereof by the undersigned, and without prior notice to or consent of the undersigned or any assignee. Whenever any item of the Collateral shall not be paid when due, or otherwise shall be in default, whether or not the indebtedness, or any part thereof, has become due, Holder shall have the same rights and powers with respect to such item of the Collateral as are granted in respect thereof in this paragraph in case of nonpayment of the Indebtedness, or any part thereof, when due. None of the rights, remedies, privileges, or powers of Holder expressly provided for herein shall be exclusive, but each of them shall be cumulative with and in addition to every other right, remedy, privilege, and power now or hereafter existing in favor of Holder, whether at law or in equity, by statute or otherwise.

The undersigned agrees to take all necessary steps to administer, supervise, preserve, and protect the Collateral; and regardless of any action taken by Holder, there shall be no duty upon Holder in this respect. The undersigned shall pay all expenses of any nature, whether incurred in or out of court, and whether incurred before or after this Note shall become due at its maturity date or otherwise, including but not limited to reasonable attorney's fees and costs, which Holder may deem necessary or proper in connection with the satisfaction of the Indebtedness or the administration, supervision,

MAIL ANY NOTICE OF DEFAULT TO:
U.S. SMALL BUSINESS ADMINISTRATION
400 Route 8 #302
Mongmong, Guam, 96927

WHEN RECORDED MAIL TO:
U.S. SMALL BUSINESS ADMINISTRATION
P.O. Box 11824
Tamuning, Guam 96931-1824

CRUZ, Zenaida V. and Antonio V., and et al.
# 2999-06037 Loan No. DLH 19682940-08

TERRITORY OF GUAM, DEPARTMENT OF LAND MANAGEMENT
OFFICE OF THE RECORDER
INSTRUMENT NUMBER 583298
This instrument was filed for record on _12_
Day of _May_, 19 _98_, at _7:18_ A.M/P.M
and duly recorded in Book _____ at Page _____

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# MORTGAGE
### (Direct)

This mortgage made and entered into this 10th day of April 1998, by and between Zenaida V. Cruz who acquired title as, Zenaida V. Garrido and Antonio V. Cruz, as to his interest therein, if any, P.O. Box 24592, GMF, Guam 96921 (hereinafter referred to as mortgagor) and the Administrator of the Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at 400 Route 8 #302, Mongmong, Guam, 96927

**WITNESSETH,** that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the Village/Municipality of Yigo, Territory of Guam:

LOT NUMBER 75, BLOCK NUMBER 1, TRACT NUMBER 10415, (Consolidation of Lots 7019-4New-1, 7019-4New-2 and 7019-4NEW-3), MUNICIPALITY OF YIGO, TERRITORY OF GUAM, SUBURBAN, as said lot is marked and designated on Drawing Number RRV-20PIE, as L.M. Check No. 86 FY 87, dated February 25, 1987 and recorded March 30, 1987 in the Department of Land Management, Government of Guam, under Document Number 382858.
AREA: 560+ Square Meters or 6024+ Square Feet.

More commonly known as: 105 Amariyo Street, Nissho Terrace, Yigo, Guam, 96929

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey

Page 1


EXHIBIT B

said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated April 10, 1998 in the principal sum of $21,600.00, signed by Zenaida V. Cruz, Christopher V. Wei and Antonio V. Cruz

1. The mortgagor covenants and agrees as follows:

*a.* He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.

*b.* He will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefor to the said mortgagee.

*c.* He will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or for foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said premises. Attorneys' fees reasonably incurred in any other way shall be paid by the mortgagor.

*d.* For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, he shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

*e.* The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby.

*f.* He will continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to mortgagee and the policies and renewals thereof shall be held by mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the mortgagee. In event of loss, mortgagor will give immediate notice in writing to mortgagee, and mortgagee may make proof of loss if not made promptly by mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to mortgagee instead of to mortgagor and mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged or destroyed. In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.

*g.* He will keep all buildings and other improvements on said property in good repair and condition; will permit, commit, or suffer no waste, impairment, deterioration of said property or any part thereof; in the event of failure of the mortgagor to keep the buildings on said premises and those erected on said premises,

CRUZ, Zenaida V. and Antonio V., and et al.
2999-06037 / DLH 19682940-08

or improvements thereon, in good repair, the mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the full amount of each and every such payment shall be immediately due and payable and shall be secured by the lien of this mortgage.

     *h.*     He will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee; and further, he will keep and maintain the same free from the claim of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises.

     *i.*     He will not rent or assign any part of the rent of said mortgaged property or demolish, or remove, or substantially alter any building without the written consent of the mortgagee.

     *j.*     All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

     *k.*     The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time.

2.     Default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use, and enjoyment of the property, at the option of the mortgagee or his assigns (it being agreed that the mortgagor shall have such right until default). Upon any such default, the mortgagee shall become the owner of all of the rents and profits accruing after default as security for the indebtedness secured hereby, with the right to enter upon said property for the purpose of collecting such rents and profits. This instrument shall operate as an assignment of any rentals on said property to that extent.

3.     The mortgagor covenants and agrees that if he shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the mortgagee or assigns, regardless of maturity, and the mortgagee or his assigns may before or after entry sell said property without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement):

(I) at judicial sale pursuant to the provisions of 28 U.S.C. 2001 (a); or

(II) at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note). Said sale shall be held at or on the property to be sold or at the Federal, county, or city courthouse for the county in which the property is located. The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoints the mortgagee or any agent or attorney of the mortgagee, the agent and attorney

Page 3

Case 1:02-cv-00004 Document 1 Filed 02/13/2002 Page 6 of 8

in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity or right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

(III) take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinabove provided, the mortgagor or any person in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4. The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorneys' fees; secondly, to pay the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

5. In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the *deficiency without regard to appraisement*.

6. In the event the mortgagor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property, the mortgagee is hereby authorized at his option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidenced by said note, subject to the same terms and conditions. If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

7. The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

8. No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

9. In compliance with section 101.1 (d) of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.1(d)], this instrument is to be construed and enforced in accordance with applicable Federal law.

10. A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

11. Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at P.O. Box 24592, GMF, Guam 96921 and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at 400 Route 8 #302 Mongmong, Guam, 96927



U.S. SMALL BUSINESS ADMINISTRATION
GUAM BRANCH OFFICE
FIRST HAWAIIAN BANK BLDG., SUITE 302
400 ROUTE 8, MONGMONG, GUAM 96927
671-472-7419 • 671-472-7365 (FAX)

# CERTIFICATE OF INDEBTEDNESS

February 6, 2002

Debtor(s) Name(s): Zenaida V. Cruz, Antonio V. Cruz and Christopher V. Wei

Address: P.O. Box 24592
GMF, Guam 96921

Ref: SBA No. 19682940-08

**Total debt due United States as of 02/06/02:**     **$14,645.42**

I certify that **U. S. Small Business Administration** records show that the debtor(s) named above are indebted to the United States in the amount stated above.

The claim arose in connection with a disaster assistance loan made by the **U. S. Small Business Administration** which is an agency under 72 Stat. 384 (1958), Title 15, U.S.C., Section 631, et seq.

**Certification:** Pursuant to 27 USC 1746, I certify under penalty of perjury that the foregoing is true and correct.

_2/6/02_
Date:

_Albert Sampson_
Albert Sampson, Loan Specialist
U. S. Small Business Administration

EXHIBIT
C